(107 App. Div. 599.)

## STEUBER et al. v. HUBER et al.

(Supreme Court, Appellate Division, Second Department. October 6, 1905.)

1. LANDLORD AND TENANT—SURRENDER OF LEASE—EVIDENCE.

Evidence in an action for rent under a lease *held* sufficient to sustain a finding that there was no surrender of the premises, so as to absolve defendants from liability for further rent.

2. EXECUTORS AND ADMINISTRATORS—LEASE—LIABILITY OF LESSEE'S EXECUTORS.

C., the surviving executrix and trustee under the will of S., which entitled her to the income for life and on her death directed sale of the property and distribution to testator's children, leased the premises for a term of years; the lease providing that it should bind the heirs, executors, and legal representatives of the parties. After the death of the lessee, who continued his occupancy after the death of C., the executors of the lessee took and retained possession, and in partition suit brought by a child of S. admitted, by failure to answer, that as executors of the lessee they had an estate for years in the premises. *Held*, that they were liable for the rent in their representative capacity.

3. LANDLORD AND TENANT—VALIDITY OF LEASE—ESTOPPEL OF TENANT.

Even if a lease for a term of years by the executrix and trustee under a will was void, because not confirmed by the Supreme Court after passage of Real Property Law, Laws 1896, p. 573, c. 547, § 86, the lessee, having entered into possession under it, was estopped from questioning its validity in an action for the rent provided thereby, which estoppel binds his executors, who entered into and retained possession under his rights under the lease.

4. SAME—ACTION FOR RENT—PARTIES PLAINTIFF.

The personal representatives of the tenant for life of real estate rented during her life are not the proper parties plaintiff in an action for rent accruing after her death.

Appeal from Trial Term, Kings County.

Action by Armenia Steuber and another, substituted trustees under the will of Frederick W. Steuber, deceased, against Helen Huber and others, executors of Otto Huber, deceased. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, RICH, and MILLER, JJ.

I. R. Oeland (Owen N. Brown, on the brief), for appellants.

James C. Foley, for respondents.

RICH, J. On February 5, 1870, Frederick W. Steuber died in the city of Brooklyn, owning at the time of his death a parcel of land on the corner of Grand street and Bedford avenue, on which was a two-story frame building. He left a last will and testament, which was duly admitted to probate, containing the following provisions:

"Second. All my estate, both real and personal, of every description and wheresoever the same may be situated, I give, devise and bequeath to my said beloved wife, Catharina Maria, my executrix, and my executors hereinafter named, and the survivors and survivor of them in trust for the following uses and purposes, to wit: They shall take charge of all my real estate, keep the same in good repair, and pay all taxes and other charges coming against the same, and (until sold as hereinafter provided) keep the same rented for the best rent they can obtain; and the rents, issues and profits arising from time to time, from my said real and personal estate shall be received by my said

wife, Catharina Maria Steuber for her support and maintenance and education of my children until my youngest child shall attain the age of twenty-one years."

"Ninth. I give and bequeath to my wife, Catharina Maria Steuber, the income and profits from my real and personal estate (for her support and maintenance and for the support and maintenance of my children) for and during her natural life."

At the death of his wife the testator directed a sale of all real and personal property then unsold, and the division of the avails among his children. He appointed his wife executrix and Charles Prentzel and Christian H. Koch executors. Prentzel and Catharina M. Steuber qualified as executors and trustees under said will, and entered upon the discharge of their duties as such. Prior to May 1, 1893, Prentzel died, and on that day Catharina M. Steuber, being the sole surviving executor and trustee under said will, and entitled to the rents and profits of the testator's real and personal property during her lifetime by virtue of its provisions, leased said building and premises to one Otto Huber for the term of 12 years from May 1st of that year, at a yearly rental of $1,550, payable monthly in advance. The lease contained a clause that its covenants and conditions "shall bind the heirs, executors, and legal representatives of the parties hereto." Under this lease Huber entered into possession of said premises, and thereafter paid the rent to said Catharina M. Steuber down to August 6, 1898, on which day she died. Emma E. Stackman was duly appointed administratrix of her estate. Following her death, said Emma E. Stackman and Henrietta C. Kahrs, children of Frederick W. Steuber, were duly appointed administratrices with the will annexed of their deceased father. Huber thereafter paid to them, on their demand, the rents of said property from time to time as the same accrued, until March 22, 1900, when he died, leaving a last will and testament, which was duly admitted to probate and letters testamentary were issued to the defendants, who qualified and entered upon the discharge of their duties. They sublet said premises, including the fixtures in the building owned by their testator at the time of his death, to one Stephen B. Wallace, who took possession in the early part of July, 1901, and remained continuously in possession down to the time of the trial of this action, paying rent to the defendants to May 1, 1902. From the death of Huber to that date, the defendants paid the rent of said premises by checks made payable to the "Estate of C. M. Steuber, Emma E. Stackman, Adm'x," which were by her indorsed, "For deposit Estate of F. W. Steuber, Emma E. Stackman, Adm'x," and deposited to the credit of her father's estate.

In October, 1901, in an action of partition pending in the Supreme Court, Kings county, brought by an infant daughter of said Frederick W. Steuber for the partition of his real property, in which the defendants, as executors of Otto Huber, deceased, and said Emma E. Stackman and Henrietta C. Kahrs, were (with others) defendants, a decree was duly made and entered appointing the plaintiffs in this action substituted trustees of the trusts created in and by the will of said Frederick W. Steuber, deceased, and empowering them to execute and complete the trusts created in and by said will. The plaintiffs accepted the appointment, and entered upon the performance of the duties of their

office.   Thereafter, and before the commencement of this action, said:
Emma E. Stackman and Henrietta C. Kahrs, as administratrices with
the will annexed of Frederick W. Steuber, deceased, by an instrument in·
writing and under seal, assigned to the plaintiffs, as substituted trustees,
the rents to recover which this action is brought, and all their right and
interest in the same, authorized the defendants to pay such rents to said
trustees, and covenanted that such payment should be a full release and
discharge to defendants as executors of said Otto Huber.   The rent
accruing under said lease from May 1, 1902, to January 1, 1903, was not
paid by defendants, and this action was brought for the recovery there-
of.   At the close of the evidence the plaintiffs moved for the direction of
a verdict in their favor, and the defendants moved for the dismissal of
the complaint.   Both the law and facts were submitted to the court for
decision, by the consent of both parties.   The court subsequently made·
findings of fact and law in favor of the plaintiffs and sustaining their
contention, upon which the judgment appealed from was entered.

The record discloses but one contested question of fact.   The de-
fendants contended that after the decease of Mrs. Steuber, and prior to
May 1, 1902, they surrendered and delivered up possession of the de-
mised premises to the persons entitled to the same; and to establish this.
contention the defendant Clarke testified that he had a conversation with
Mr. Foley, one of the plaintiffs' attorneys in this action, whose firm rep-
resented the infant plaintiff in the partition action, in which he told him
substantially that he had received the amended complaint in that action,
and in view of the fact of its allegations, and as he represented the para-
mount title and his client was an infant, he would make a surrender of
the premises to him, abandon them, and not collect any more rent; that
he would not put in an answer, and would allow the declaration to go·
without any denial; and that he would acquiesce in the allegation that
the lease was void; and the witness says:

"I believe you [Foley] answered that was all right.   I did nothing further in·
the way of a surrender of those premises and of a surrender of the lease..
That is all."

The reference of the witness to the allegations of the complaint in the·
partition   action   was   directed   to   the   averment   that   the   lease—

"Was made without any order or authority from this court, and that it was
beyond the power of the said Catharina Maria Steuber to make a lease for the·
said term without such leave or authority from the said court."

In the moving papers for leave to amend, which were served on the·
defendants, it was stated that the object and necessity of such amend--
ment by the insertion in the complaint of such allegation was that coun--
sel for the defendants might, if they desired, defend the legality of the·
said lease—

"And, in case they fail to do so, that the court may determine whether·
it will be for the best interests of the parties in the action to seek a judgment
that the said lease, as to the unexpired term, is null and void, or whether it
will be more to the advantage of the said parties to confirm the said lease·
and sell the property subject to the said lease."

The decree made in that action contains nothing in regard to the·
lease.   This evidence, if uncontradicted, was insufficient to establish a.

surrender of the premises, to the extent of absolving the defendants from liability for the rent thereafter accruing. But, were it sufficient, it was contradicted by Mr. Foley, who testified that he had no such conversation with Mr. Clarke, and that the first conversation he did have with him regarding a surrender of the premises was in December, 1902, subsequent to the sale of the property; and his recollection is corroborated by the letter of the defendant Clarke, dated December 20, 1902, in which he says:

"If you will draw proper surrender and acceptance of surrender, and have same executed by your clients, I will have the duplicate signed by the executors of the estate of Otto Huber."

This clearly shows that at the date of said letter (which was after all the rent sought to be recovered in this action had accrued) he knew that no surrender had in fact been made or accepted. Upon this evidence the trial court found that there was no surrender, and that the defendants remained in possession of the premises down to the 1st day of January, 1903; and such finding is amply sustained by the evidence.

The contract upon which the plaintiffs have recovered is either one made by the deceased lessee in his lifetime, in which he binds his heirs, executors, and legal representatives for its performance, or it is a contract so connected therewith and arising therefrom—assuming that the occupancy was from year to year after the death of Mrs. Steuber, as contended by the appellants—that we cannot concur with their theory that such occupancy was under an implied agreement with them, arising after their testator's death, upon which an action could not be maintained against them for rent in their representative capacity. Defendants' admission in the partition action, by failure to answer the allegations of the complaint, that as the executors of Mr. Huber they had an estate for years in the demised property, the testimony of the witness Clarke on the trial of this action that he knew that by not serving an answer the defendants admitted that they had an estate of years in that property, and the admissions of their answer in this action as to the payment of rent after the death of Mr. Huber, are sufficient to sustain the finding that their possession of said premises was in their representative capacity.

If the appellants' contention that the lease was void by reason of its not having been confirmed by the Supreme Court after the passage of the act of 1895, now section 86 of the real property law (Laws 1896, p. 573, c. 547), were to be conceded, it would not avail them to the extent of furnishing a defense in this action; for their testator, having entered into possession under the lease, was estopped from questioning its validity in an action to recover the rent provided thereby, and the estoppel which binds their testator (the lessee) also binds the defendants, who derived their rights in the property, which they availed themselves of by entering into possession, through the lease in question and under their testator's rights therein and thereunder. Having entered into and retained possession of the property, they cannot evade the payment of the rent because of the alleged invalidity of the lease.

If the contention that the lease upon which the action is based was a personal contract on the part of Mrs. Steuber, made in her individual right and capacity, is conceded, it was nevertheless a valid and binding instrument during the continuance of her life estate in the demised property, and until her death did not become voidable by either party.   Upon the happening of that event the remaindermen did not avail themselves of any right they may have had to terminate the lease.   Huber made no effort to terminate it, but continued his occupancy of the demised premises for more than 19 months before he died, paying the rent reserved by it to the representatives of the estate of Frederick W. Steuber.

Whether Huber's occupancy was under the lease made with Mrs. Steuber after her death, or as a tenant from year to year, is immaterial, as he was in neither event the owner of an estate in the premises he was in possession of as tenant for a definite term, or from year to year, arising out of the original demise, which on his death passed to his personal representatives, and they held and enjoyed it by virtue of the demise to him.   If they omitted to terminate the tenancy and continued to occupy the premises, they were liable in their representative capacity for the rent accruing during their occupancy.   It is immaterial whether the unpaid rent belonged in the first instance to the administratrices with the will annexed of Frederick W. Steuber or to the substituted trustees, as the former assigned such rent to the latter prior to the commencement of this action.

The proposition that the rent belonged to the estate of Mrs. Steuber, and that an action therefor could only be maintained by her personal representatives, is untenable.   Her right to the rents of the demised property ended at her death.   She died on August 6, 1898.   The rents involved in this action accrued between May 1, 1902, and January 1, 1903, and to such rents the personal representatives of the life tenant had no legal right.

The findings of fact are abundantly supported by the evidence, the conclusions of law are correct, and the judgment must be affirmed, with costs.   All concur.